**PORTLAND BASEBALL CLUB, INC.,**
**Plaintiff-Appellant,**

**v.**

**Bowie K. KUHN et al., Defendants-**
**Appellees.**

**No. 72–1568.**

United States Court of Appeals,
Ninth Circuit.

Feb. 6, 1974.

Donald C. Walker, Mark M. McCulloch, Portland, Or., for plaintiff-appellant.

Walter J. Cosgrove, of Maguire, Kester & Cosgrove, Louis L. Hoynes, Jr., Robert J. Kheel of Willkie, Farr & Gallagher, New York City, James P. Garner, Warren Daane, Don H. Pace, of Baker, Hostetler & Patterson, Cleveland, Ohio, Alexander H. Hadden, Gen. Counsel, Office of the Commissioner of Baseball, New York City, for defendants-appellees.

### OPINION

Before DUNIWAY and SNEED, Circuit Judges, and BEEKS,* District Judge.

---

* The Honorable William T. Beeks, United States District Judge for the Western District of Washington, sitting by designation.

PER CURIAM:

This case grew out of the effort during the late Sixties to bring major league baseball to Seattle and San Diego. The plaintiff, Portland Baseball Club, Inc., formerly owned the Pacific Coast League franchise in Portland. The advent of major league baseball in Seattle would have substantially reduced the value of the plaintiff's franchise.

Organized baseball has a procedure by which compensation is provided to owners of minor league franchises for such injury to their territories, the heart of which is Rule 1(a) of the Professional Baseball Rules. The relevant portion of this rule reads:

"(a) *Protection of National Association Territory.* "No territory in which a National Association franchise is being operated under protection of the Professional Baseball Agreement shall be included in any Major League until such National Association League and National Association Club shall be paid such compensation as shall be mutually agreed upon as just and reasonable compensation for such action. A Major League or Major League Club desiring to acquire National Association territory must file notice of its intention to do so with the Commissioner between October 1 and October 31 (both inclusive), next preceding the first season it proposes to operate in such city."

The terms "National Association League" and "National Association Club" refer to a minor league and a minor league club respectively.

Following timely notice in 1968 by the recently-formed Seattle Pilots and San Diego Padres of their intention to operate in Pacific Coast League territory, negotiations to fix the compensation required by Rule 1(a) between the Pacific Coast League and the Pilots and the Padres were unsuccessful. As provided by the Professional Baseball Rules, the matter was submitted to arbitration, the result of which was an award to the Pacific Coast League of three hundred thousand dollars for the loss of the Seattle territory and two hundred and forty thousand dollars for the loss of the San Diego territory. The plaintiff in due course received its proper share of these amounts. These awards were incorporated into a settlement agreement in which the Pacific Coast League "for itself and member clubs" acknowledged that the "execution of this Agreement constitutes full satisfaction of all claims, causes of action, interests and rights to idemnify whether arising at law, in equity or pursuant to Professional Baseball Rule 1(a) or any other baseball rule or regulation."

Thereafter, on November 25, 1969, the plaintiff sold "all its right, title and interest" in its Pacific Coast League franchise to the Portland Beavers, Inc., reserving only its interest in the arbitration awards.

Not satisfied with these awards and perhaps distressed by the fact that, while the Padres paid the National League ten million dollars for League membership and the Pilots $5,535,000 to the American League for similar rights, neither major league paid a cent to the Pacific Coast League and its member clubs, the plaintiff brought this suit against the Commissioner of Baseball, the two major leagues, the individual major league clubs, other than Seattle and San Diego, the president of the Pacific Coast League and individual member clubs of the Pacific Coast League.

The plaintiff's theory of recovery appears to be that there has been no compliance with Rule 1(a) because at the time of the negotiations and arbitration the Pilots and the Padres were not "Major League Clubs" inasmuch as neither at that time had fielded a team. The negotiations and arbitration consequently did not fulfill the obligation of the "Major League or Major League Club" to provide compensation.

The defendants answered by denying that jurisdiction existed, asserting that the plaintiff was not the real party in interest, having sold its franchise to the

Portland Beavers, Inc., and contending that plaintiff was bound by the arbitration.

 Judge Solomon heard the case and in a thorough opinion, D.C., 368 F. Supp. 1004 (1974), found that jurisdiction existed. He then held that the plaintiff was not the real party in interest under Rule 17(a), F.R.Civ.P., but that even if it were, it was bound by the arbitration. Judge Solomon properly concluded that the Padres and Pilots became major league clubs when their membership agreements with the major leagues were signed in 1968. The plaintiff's theory thus collapses. We can do no better than to adopt Judge Solomon's opinion as our own. This we do. Finally, the plaintiff's claim for relief under the antitrust laws was properly dismissed. Flood v. Kuhn, 407 U.S. 258, 92 S.Ct. 2099, 32 L.Ed.2d 728 (1972).